UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE J. FORGUES, | ) | CASE NO. 1:15-CV-1670 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE MCHARGH |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Select Portfolio Servicing, Inc. ("SPS") for its Answer to Plaintiff's

Complaint:

**FIRST DEFENSE**

1.      States that the allegations in paragraph 1 are legal conclusions to which no

response is required, but to the extent a response is deemed to be required, states it is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 1.

2.      States it is without knowledge or information sufficient to form a belief as to the

truth of the allegations in the paragraph 2.

3.      Admits the allegations in paragraph 3.

4.      States that the allegations in paragraph 4 are legal conclusions to which no response is required, but to the extent a response is deemed to be required, denies the allegations in paragraph 4.

5.      States that the allegations in paragraph 5 are legal conclusions to which no response is required, but to the extent a response is deemed to be required, admits the Court has jurisdiction and denies the remaining allegations in paragraph 5.

6.      States that the allegations in paragraph 6 are legal conclusions to which no response is required, states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      States that the allegations in paragraph 7 are legal conclusions to which no response is required, but to the extent a response is deemed to be required, states venue is proper and denies the remaining allegations in paragraph 7.

8.      For its response to paragraph 8, SPS restates and incorporates by reference paragraphs 1 through 7 of this Answer.

9.      Denies the allegations in paragraph 9.

10.      Denies the allegations in paragraph 10.

11.      Denies the allegations in paragraph 11.

12.      Denies the allegations in paragraph 12.

13.      Denies the allegations in paragraph 13.

14.      Denies the allegations in paragraph 14.

15.     Admits plaintiff and her late husband borrowed $144,440 from Chase Bank USA, N.A. and executed a mortgage on the property known as 15109 Merrimeade Dr., Cleveland, OH 44111 (the "Property"), and denies the remaining allegations in paragraph 15.

16.     Denies the allegations in paragraph 16.

17.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Admits Deutsche Bank National Trust Company, as Trustee for JP Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 207-CH5 ("Deutsche Bank") filed a foreclosure action in the Cuyahoga County Court of Common Pleas on March 29, 2012, admits that a judgment decree in foreclosure was issued on May 1, 2013 after plaintiff failed to answer the complaint and denies the remaining allegations in paragraph 18.

19.     States that the allegations in paragraph 19 are legal conclusions to which no response is required, but to the extent a response is deemed to be required, denies the allegations in paragraph 19.

20.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     States SPS received a letter from Plaintiff dated March 6, 2015, states the letter speaks for itself and denies any misstatement or mischaracterization of the letter, and states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22.

23.     State Plaintiff contacted SPS by telephone after March 6, 2015, and denies the remaining allegations in paragraph 23.

24.     States it sent Plaintiff a letter dated March 13, 2015, states the letter speaks for itself and denies any misstatement or mischaracterization of the letter, and denies the remaining allegations in paragraph 24.

25.     States it sent Plaintiff a letter dated March 26, 2015, states the letter speaks for itself and denies any misstatement or mischaracterization of the letter, and denies the remaining allegations in paragraph 25.

26.     Denies that Plaintiff was entitled to rescind or rescinded the loan and states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26.

27.     States that the allegations in paragraph 27 are legal conclusions to which no response is required, but to the extent a response is deemed to be required, denies the allegations in paragraph 27.

28.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegation related to what Plaintiff believes and denies the remaining allegations in paragraph 28.

29.     Denies the allegations in paragraph 29.

30.     Denies the allegations in paragraph 30.

31.     Denies the allegations in paragraph 31.

32.     States that SPS sent Plaintiff monthly mortgage statements to plaintiff, states the monthly mortgage statements speak for themselves and denies misstatement or mischaracterization about the letter, and denies the remaining allegations in paragraph 32.

33.　　States it sent Plaintiff a letter dated May 6, 2015, states the letter speaks for itself and denies misstatement or mischaracterization about the letter, and denies the remaining allegations in paragraph 33.

34.　　States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.　　Denies the allegations in paragraph 35.

36.　　Denies the allegations in paragraph 36.

37.　　States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.　　States that SPS has contacted Plaintiff by telephone in the past year, and denies the remaining allegations in paragraph 38.

39.　　Denies the allegations in paragraph 39.

40.　　Denies Plaintiff "warned" SPS not to call during any specific times, denies SPS has any liability to Plaintiff and states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40.

41.　　States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.　　States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.　　Denies SPS made any improper report with respect to Plaintiff's loan to any credit reporting agency and states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43.

44.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.     States SPS received from Plaintiff a document entitled "Consumer Notice of Disputed Debt dated June 2, 2015, states the document speaks for itself and denies misstatement or mischaracterization about the document, and denies the remaining allegations in paragraph 45.

46.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.     States it received a letter from Plaintiff dated June 18, 2015, states the letter speaks for itself and denies misstatement or mischaracterization about the letter, and denies the remaining allegation in paragraph 48.

49.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     States SPS sent Plaintiff a letter dated July 6, 2015 responding to Plaintiff's June 2, 2015 letter, states the letter speaks for itself and denies any misstatement or mischaracterization of the letter, and denies the remaining allegations in paragraph 51.

52.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     States it received a letter from Plaintiff dated August 7, 2015, states the letter speaks for itself and denies misstatement or mischaracterization about the letter, and denies the remaining allegations in paragraph 55.

56.     States SPS sent a letter to Plaintiff dated August 3, 2015, states the letter speaks for itself and denies misstatement or mischaracterization about the letter, and denies the remaining allegations in paragraph 56.

57.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.     Denies the allegations in paragraph 58.

59.     For its response to paragraph 59, SPS restates and incorporates by reference paragraphs 1 through 58 of this Answer.

60.     Denies the allegations in paragraph 60.

61.     Denies the allegations in paragraph 61.

62.     Denies the allegations in paragraph 62.

63      Denies the allegations in paragraph 63.

64.     Denies the allegations in paragraph 64.

65.     Denies the allegations in paragraph 65.

66.     Denies the allegations in paragraph 66.

67.     Denies the allegations in paragraph 67.

68.     Denies the allegations in paragraph 68.

69.     Denies the allegations in paragraph 69.

70.     Denies the allegations in paragraph 70.

71.     Denies the allegations in paragraph 71.

72.     Denies the allegations in paragraph 72.

73.     Denies the allegations in paragraph 73.

74.     Denies the allegations in paragraph 74.

75.     Denies the allegations in paragraph 75.

76.     Denies the allegations in paragraph 76.

77.     Denies the allegations in paragraph 77.

78.     Denies the allegations in paragraph 78.

79.     Denies the allegations in paragraph 79.

80.     Denies the allegations in paragraph 80.

81.     Denies the allegations in paragraph 81.

82.     Denies the allegations in paragraph 82.

83.     Denies the allegations in paragraph 83.

84.     For its response to paragraph 84, SPS restates and incorporates by reference paragraphs 1 through 83 of this Answer.

85.     States that the allegations in paragraph 85 are legal conclusions to which no response is required, but to the extent a response is deemed to be required, admits the allegations in paragraph 85.

86.     States that the allegations in paragraph 86 are legal conclusions to which no response is required, but to the extent a response is deemed to be required, denies the allegations in paragraph 86.

87.     Denies the allegations in paragraph 87.

88.     States that the allegations in paragraph 88 are legal conclusions to which no response is required, but to the extent a response is deemed to be required, states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.     States that the allegations in paragraph 89 are legal conclusions to which no response is required, but to the extent a response is deemed to be required, states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90.     States it received various correspondence from Plaintiff and received notice from credit reporting agencies that Plaintiff had made a dispute, and denies the remaining allegations in paragraph 90.

91.     Denies the allegations in paragraph 91.

92.     Denies the allegations in paragraph 92.

93.     Denies the allegations in paragraph 93.

94.     States that the allegations in paragraph 94 are legal conclusions to which no response is required, but to the extent a response is deemed to be required, states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95.     Denies the allegations in paragraph 95.

96.     Denies the allegations in paragraph 96.

97.     Denies the allegations in paragraph 97, including subparts a-j.

98.     Denies Plaintiff is entitled to any damages from SPS and States it is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in paragraph 98.

99.     Denies the allegations in paragraph 99.

100.    Denies the allegations in paragraph 100.

101.    Denies each and every remaining allegation in Plaintiff's Complaint, including

any allegations in any prayer or request for relief, not otherwise expressly admitted in this

Answer.

## SECOND DEFENSE

102.    State that Plaintiff's Complaint fails to state a claim upon which relief may be

granted.

## THIRD DEFENSE

103.    Plaintiff's Complaint is barred by res judicata.

## FOURTH DEFENSE

104.    State that Plaintiff's claims are barred in whole or in part by the doctrines of

waiver and laches.

## FIFTH DEFENSE

105.    State that Plaintiff's claims are barred in whole or in part by the doctrine of

estoppel.

## SIXTH DEFENSE

106.    State that Plaintiff's remedies are limited in whole or in part by applicable law.

## SEVENTH DEFENSE

107.    State that Plaintiff's claims are barred by the clean hands doctrine and principles

of equity.

## EIGHTH DEFENSE

108.    State that Plaintiff's claims are barred in whole or in part by a failure to mitigate

damages.

## NINTH DEFENSE

109.    State Plaintiffs' claimed damages were the result of the interceding or

superceding, or wrongful, actions or omissions of persons or parties other than SPS, and for

whom SPS has no responsibility or liability.

## TENTH DEFENSE

110.    State Plaintiffs' claims against SPS are barred because SPS had a privilege or

qualified privilege to act in the manner that it did.

## ELEVENTH DEFENSE

111.    State Plaintiffs' claims are barred in whole or in part by the absence of any breach

of any duty owed by SPS.

## TWELFTH DEFENSE

112.    To the extent Plaintiff has a viable claim against SPS under the FCRA, which SPS

denies, SPS states that Plaintiff's claims are barred because it maintained reasonable policies and

procedures to assure compliance and to prevent errors.

### THIRTEENTH DEFENSE

113.    States Plaintiff's claim for punitive damages is barred in whole or in part by the United States Constitution and the Constitution of Ohio, including the Due Process clause of those constitutions.

### FOURTEENTH DEFENSE

114.    To the extent Plaintiff has a viable claim against SPS under the FDCPA, which SPS denies, SPS states that any alleged violation of law was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to prevent the error, and was not material or was de minimus.

### FIFTEENTH DEFENSE

115.    State it reserves the right to assert any and all affirmative defenses and other matters in avoidance that discovery may reveal to be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, SPS demands that the Complaint be dismissed with prejudice, that it recovers its costs and expenses, including attorney fees, and that the Court grant it such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ David A. Wallace
David A. Wallace (0031356)
Karen M. Cadieux (0079240)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Telephone (614) 365-4100
Facsimile (614) 365-9145
wallace@carpenterlipps.com
cadieux@carpenterlipps.com

Attorneys for Defendant
Defendant Select Portfolio Servicing, Inc.

13

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on November 3, 2015. Notice was also sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel.   The parties may access this filing through the Court's ECF system.

A copy was also sent by First Class, U.S. Mail, postage prepaid, to Christine J. Forgues, 15109 Merrimeade Dr., Cleveland, Ohio 44111.


/s/ David A. Wallace
One of the Attorneys for
Defendant Select Portfolio Servicing, Inc.


639636