

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE J. FORGUES<br><br>Plaintiff,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>Defendant, | Case No. 1:15-cv-1670<br><br>Hon. Judge James Gwin |

**PLAINTIFF'S OPPOSITION TO:**
**DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S MOTION**
**TO EXCUSE ATTENDANCE OF PARTY REPRESENTATIVE**
**AT CASE MANAGEMENT CONFERENCE**

Unrepresented Plaintiff and consumer Christine J. Forgues respectfully opposes

Defendant Select Portfolio Servicing, Inc.'s Motion To Excuse Attendance Of Party

Representative At Case Management Conference.

Plaintiff filed a Verified Complaint to commence this action. Defendant's attorney David

A. Wallace requested an additional 21 days in order to "make an appropriate response." (See

Dkt. No. 5.) On 09/14/2015, the Court issued the following Text Only Order (emphasis added):

Order [non-document] entered by Judge James S. Gwin on 9/14/15 granting Defendant's motion for extension of time until 10/5/15 to file an answer to the Complaint. **The Court requires the filing of an answer**.

In contempt of this Court's order, SPS not only withheld its answer but, instead, filed a motion to dismiss for failure to state a claim. Defendant had 21 days to file a pre-answer motion. The Court in its discretion granted an extension of time—to file an <u>answer</u>. Ordinarily a Rule 12 motion extends the time to file an answer, but that time already expired.

Defendant's motion violated Fed. R. Civ. P. 11(b) in that the motion was presented for an improper purpose to further harass Consumer-Plaintiff, cause her unnecessary delay, and needlessly <u>increase her cost</u> of litigation in both her time and resources, causing her prejudice and further damages. The only proper response was a verified answer as required by Federal Rule of Civil Procedure 11(a) coupled with Plaintiff's unanswered notices to Defendant under 15 U.S.C. § 1692g to ***obtain verification*** of the debt from the original creditor. See Complaint. Rule 11(a) provides in relevant part that, "Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." 15 U.S.C. § 1692g is a statute that specifically states otherwise and this action is enforcement of Plaintiff's private right of action under that statute to obtain verification of the debt from the debt collector.

On November 3, 2015, Plaintiff filed her timely opposition to SPS's motion as improper, untimely, in contempt of this Court's order, frivolous, and without merit suggesting that SPS should be directed to serve its verified answer so this case can move forward to judgment without further delay. **About two hours later**, only after being challenged on its contemptuous behavior, David A. Wallace "respectfully" submitted the withheld answer, unverified, and then immediately requested that SPS's representative be excused from attending the November 30, 2015 Case Management Conference. SPS knew about the Conference since October 2, (see Dkt.

2

No. 7).

On November 4, 2015, a Notice of Failure to File Corporate Disclosure Statement was entered. SPS's attorney Karen M. Cadieux then "respectfully" filed a statement that, upon close scrutiny, does not identify the parent, subsidiary or other affiliate corporation and the relationship between it and the named party. See Dkt. No. 12.

Such willful contempt by Defendant's attorneys is not "respectful," but mocks this Court's orders, rules, schedules and resources. Such recalcitrance delays enforcement of Plaintiff's private right of action under FDCPA/FCRA, further evades verification of the debt, and <u>further</u> prejudices Plaintiff. Defendant SPS's representative should be present at the Case Management Conference to observe what its attorneys are doing in its name and in order to properly explore settlement as an option.

Therefore, Defendant Select Portfolio Servicing, Inc.'s Motion To Excuse Attendance Of Party Representative At Case Management Conference should be denied.

Respectfully submitted,

*Christine J. Forgues* 11-6-15
Christine J. Forgues, Consumer-Plaintiff.
15109 Merrimeade Drive
Cleveland, Ohio 44111
Phone: 216-323-6972
Email: cjforgues2011@gmail.com

## PROOF OF SERVICE

The parties may access this filing through the Court's ECF system.

_Christine J. Forgues_  11-6-15
Christine J. Forgues