UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE J. FORGUES, | ) | CASE NO. 1:15-CV-1670 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE MCHARGH |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF
DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Nothing in Forgues' opposition to the Motion to Dismiss of Select Portfolio Servicing, Inc. establishes that the Complaint states a claim under either the FDCPA or FCRA. Forgues' claims are either barred by res judicata or simply fail to state a claim for relief against SPS. Therefore, the Court should grant SPS's Motion and Dismiss Forgues' Complaint.

**SPS's Motion Did Not Admit Liability Under the FDCPA or FCRA.**

Although Forgues' argument is not entirely clear, she appears to argue that certain statements in SPS's motion about its standard collection and credit reporting actions are admissions that SPS violated the FDCPA and FCRA. This is simply incorrect. SPS's Motion to Dismiss establishes that based on the allegations in Forgues' Complaint, her claims under the

FDCPA and FCRA are barred by res judicata or fail to state a claim for relief. Moreover, nothing about the Motion to Dismiss is deceptive or misleading, or otherwise in violation of the FDCPA.

### **Forgues' Claims Do Require a Finding of Rescission.**

Forgues argues that the Court is not required to find she rescinded her mortgage loan in order to find a violation of the FDCPA and FCRA. Forgues brings claims under §§1692c, 1692d, 1692e and 1692f of the FDCPA, and under the FCRA, all of which allege that SPS's conduct was improper because she had rescinded the loan. See Complaint, ¶¶ 49, 63, 65, 67, 75-77. Thus, in order to find in Forgues' favor on these claims, the Court would have to find Forgues' alleged rescission was valid. Forgues' remaining claims do not relate to the alleged rescission, but as set forth in SPS's Motion to Dismiss, they fail to state a plausible claim for relief. Forgues does not dispute this in her Opposition.

### **Most of Forgues' Claims are Barred by Res Judicata.**

Forgues claims that none of her FDCPA and FCRA claims have been considered on the merits, so they cannot be barred by res judicata. But the FDCPA and FCRA claims that are based on Forgues' alleged rescission are barred by res judicata. Contrary to Forgues' unsupported argument, res judicata not only bars matters actually litigated (under issue preclusion), but also bars any claims or defenses that could have and should have been raised in the prior action (under claim preclusion). See Frazier v. Matrix Acquisitions, LLC, 873 F. Supp. 2d 897, 902 (N.D. Ohio 2012). Forgues alleges the rescission occurred prior to the filing of the state court foreclosure action. Since rescission is a defense to foreclosure, Forgues was required to raise the alleged rescission in the foreclosure action. She did not do so and she is now barred from raising and litigating the alleged rescission due to the state court foreclosure judgment.

Forgues cites Ohio ex rel. Boggs v. City of Cleveland, 655 F.3d 516 (6th Cir. 2011), for the proposition that res judicata does not apply when fairness and justice would not support it. Forgues' reliance on Boggs is misplaced. In Boggs, the realtors, Boggs and Ranchid, filed a mandamus action seeking to compel the City of Cleveland to initiate appropriation proceedings with respect to property owned by Ranchid's corporation, Fouad, Inc., that was in the flight path of two runways at the Cleveland Airport. Id. at 518. Boggs and Ranchid argued that the frequency of flights and the levels at which the planes flew so interfered with their use and enjoyment of the property that the property had been taken without just compensation. Id.

The City moved to dismiss, arguing that Boggs and Ranchid lacked standing because they had no interest in the property, which was owned by Fouad, Inc. The trial court dismissed the action for lack of standing. Id. Boggs and Ranchid appealed, but the appeal was dismissed for lack of a final appealable order. Id. In response, the trial court issued a new order that stated the dismissal was with prejudice. Id. Boggs and Ranchid did not appeal the with prejudice dismissal.

Several years later, Boggs and Ranchid filed a second action against the City, again seeking to compel the City of Cleveland to initiate appropriation proceedings. Id. at 519. The City removed the case to federal court and moved to dismiss on the basis of res judicata, which the district court granted. Id.

On appeal, the Sixth Circuit reversed the dismissal, finding that the dismissal of the first state court action did not have preclusive effect because under Ohio law, a dismissal for lack of standing is not "on the merits." Id. at 520. The lack of a decision on the merits in the first case meant res judicata did not apply. Id. at 521. In dicta, the Sixth Circuit also noted that although res judicata might apply to the dismissal with prejudice, which Boggs and Ranchid did not

3

appeal, justice would not be served by a rigid application of res judicata in this circumstance because in fact there was no decision on the merits in the first case and the dismissal was still procedural.  Id. 521-22.

The unique circumstances in Boggs are not applicable here.  The state court judgment adopting the magistrate's decision, finding Forgues liable on the note and mortgage, and entering the judgment decree in foreclosure, was in fact a judgment on the merits, which Forgues did not appeal.  The judgment against Forgues was not procedural, and was not based on a lack of standing, and there is no basis under Ohio law not to apply res judicata.  Therefore, Boggs and its dicta have no application to this case.

### Forgues' FCRA Claim Is Without Merit.

Forgues appears to allege that SPS cannot conduct credit reporting because there is no lawful account and SPS is not a creditor.  Nothing in the FCRA provides that a creditor's servicing agent cannot furnish information to a credit reporting agency.  Moreover, Forgues admits she entered into a note and mortgage and thus there was a mortgage loan account on which SPS, as the mortgage servicer, has the right to furnish payment and other information to credit reporting agencies.  The Court should dismiss Forgues' FCRA claim for this as well.

### Forgues Concedes the Complaint Fails to State a Claim Under the FDCPA.

Forgues cannot defend the fact that her bare-bones allegations do not state a plausible claim under § 1692c and § 1692d of the FDCPA.  Instead, she resorts to her argument that any collection activity violates the FDCPA because there was no underlying debt.  As discussed above, Forgues' argument that there was no debt is belied by the state court judgment and her own attempt to rescind it.  The FDCPA claims should be dismissed.

**SPS Had No Duty to Respond to Forgues' Notice of Dispute.**

Forgues also appears to argue that SPS was required to respond to Notices of Dispute sent nearly two years after the expiration of the 30-day period outlined in 15 U.S.C. § 1692g(a). Ignoring the statutory language, Forgues cites arguments made in two Amicus Briefs filed by the Consumer Financial Protection Bureau ("CFPB") in unrelated federal appellate cases. But excerpts from these Amicus Briefs actually support SPS's position that the duty to respond is not triggered unless the consumer actually disputes the debt within the 30-day period. See Forgues' Opposition at 6-7. Forgues did not timely dispute the debt.

In addition, the discussion in the Amicus Brief filed in Bock v. Pressler & Pressler LLP, relates to the CFPB's position on whether a debt collector can presume a debt is valid if it is not disputed within the 30-day period. This discussion is irrelevant here because the issue is not whether SPS did or did not presume the validity of the debt; rather, the issue is whether SPS has an ongoing duty to respond to multiple Notices of Dispute sent years after the 30-day statutory dispute period expired. Here, a foreclosure action based on the debt was filed and a judgment obtained finding the debt was valid. Nothing in Forgues' Opposition establishes that SPS had any ongoing duty to respond to the multiple untimely (by years) Notices of Dispute, especially notices sent after the judgment was entered.

**Defendant's Motion to Dismiss Was Neither Untimely nor Improper.**

Forgues claims that SPS's motion to dismiss was not timely filed and that the Court granted an extension of time to answer only. SPS's filed Motion for an Extension of Time in Which to Answer, Move, or Otherwise Plead in response to the Complaint, which the Court granted. Thus, SPS had until October 5, 2015 to file a motion to dismiss, which it did. SPS was aware of the Court's requirement that an answer to the Complaint be filed, and the answer has

been filed. SPS's Motion to Dismiss was timely filed on October 5, 2015, and SPS respectfully submits that the timing of the filing of the answer (under Rule 12(a) and the Court's CMC Order) has no bearing on the propriety of the filing of the motion to dismiss (under Rule 12(b)).

Forgues also claims that SPS's Motion to Dismiss violates Rule 11(b) of the Federal Rules of Civil Procedure because it was presented for an improper purpose to further harass her, cause unnecessary delay, and to needlessly increase her cost of litigation causing her prejudice and damages. As explained in SPS's Motion to Dismiss, most of Forgues claims are barred by res judicata and the remaining claims fail to state a claim against SPS. Thus, SPS properly moved to dismiss these claim. The motion raises legitimate defenses under Rule 12(b) and cannot be construed as filed for any improper purpose or for delay.

**SPS Was Not Required to File a Verified Answer.**

Forgues also argues that SPS's answer was required to be verified. Rule 11(a) provides that an answer need not be verified unless a rule or statute provides otherwise. Fed. R. Civ. P. 11(a). Forgues claims that 15 U.S.C. § 1692g requires that SPS file a verified answer to her Complaint. However, nothing in § 1692g requires the filing of a verified answer. See 15 U.S.C. § 1692g. Instead, § 1692g requires a debt collector to provide verification of a debt if the creditor notifies the debt collector that she disputes the debt within 30 days of the debt collector sending a notice related to verification of the debt. See 15 U.S.C. § 1692g(a)-(b). This does not require SPS to file a verified answer to the Complaint in this case. Therefore, SPS's unverified answer met the pleading requirements of the civil rules.

**Conclusion.**

Forgues' claims are barred by res judicata or otherwise fail to state a claim. Forgues' arguments to the contrary have no legal or factual basis. Therefore, SPS respectfully requests that the Court grant its Motion to Dismiss and dismiss Forgues' claims with prejudice.

Respectfully submitted,

/s/ David A. Wallace
David A. Wallace (0031356)
Karen M. Cadieux (0079240)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Telephone (614) 365-4100
Facsimile (614) 365-9145
wallace@carpenterlipps.com
cadieux@carpenterlipps.com

Attorneys for Defendant
Defendant Select Portfolio Servicing, Inc.

**CERTIFICATE OF SERVICE**

  I certify that a copy of the foregoing was filed electronically on November 19, 2015. Notice was also sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel.   The parties may access this filing through the Court's ECF system.

  A copy was also sent by First Class, U.S. Mail, postage prepaid, to Christine J. Forgues, 15109 Merrimeade Dr., Cleveland, Ohio 44111.

            /s/ David A. Wallace
            One of the Attorneys for
            Defendant Select Portfolio Servicing, Inc.

643366