UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE J. FORGUES, | ) | CASE NO. 1:15-CV-1670 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE MCHARGH |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN OPPOSITION OF
DEFENDANT SELECT PORTFOLIO SERVICING, INC.
TO PLAINTIFF CHRISTINE J. FORGUES'
MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Christine J. Forgues ("Forgues") has moved for judgment on the pleadings. Although it is not entirely clear on which of the claims in her Complaint Forgues seeks judgment on the pleadings, the Court has dismissed most of her claims, and there is no basis for judgment on the pleadings on the remaining claims. The Court should deny the Motion.

"'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581-82 (6th Cir. 2007) (emphasis added)(quoting Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973)).

1

"A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" Id. (quoting Paskvan v. City of Cleveland Civil Serv. Comm'n, 946 F.2d 1233, 1235 (6th Cir. 1991).

Forgues is not entitled to judgment on the pleadings under Rule 12(c). Forgues as plaintiff filed the Motion for Judgment on the Pleadings; thus, the operative pleading for purposes of the Motion is SPS's Answer. SPS denied virtually all of the factual allegations in Forgues' Complaint and these denials are taken as true for the purposes of the Motion. The denials create material issues of fact and Forgues is not entitled to judgment on the pleadings.

Forgues appears to argue that to avoid judgment on the pleadings, SPS was required to allege facts in its answer and could not simply deny her allegations. This contention is contrary to the civil rules and Forgues provides no support for this interpretation of Rule 12(c). Forgues also appears to argue that SPS's simple denials in its Answer require the Court to accept her allegations as true and to grant judgment in her favor. This interpretation of Rule 12(c) is also contrary to the civil rules, directly contradicts Sixth Circuit precedent, and turns Rule 12(c) on its head.

In addition, the claims on which Forgues seeks judgment on the pleadings have been dismissed. It appears that the Motion for Judgment on the Pleadings is premised on the allegation that SPS did not validate Forgues' debt under the FDCPA, so any collection activities would necessarily violate the FDCPA and any credit reporting activities would violate the FCRA. But the Court has dismissed Forgues' claim premised on the debt validation. See Opinion & Order (Doc. No. 21) at 11. Similarly, the Court dismissed Forgues' claims premised on the purported rescission on the basis that they are barred by res judicata. See id. at 5-7. The Court also dismissed Forgues' FDCPA claims for false representations and use of deceptive forms and

Forgues' FCRA claims for furnishing incorrect information and failing to report the debt as disputed.  See id. at 10-13, 15-16. Obviously, Forgues cannot obtain judgment on the claims that the Court dismissed.

The only claims that remain pending are Forgues' FDCPA claims alleging that SPS called at times known to be inconvenient and that SPS engaged in harassive, oppressive or abusive conduct, and Forgues' FCRA claim alleging that SPS failed to perform a reasonable investigation into the disputes she submitted through the credit reporting agencies.  Id. at 9-10, 13-15.  Forgues cannot obtain judgment on these claims because they are not referenced in Forgues' Motion for Judgment on the Pleadings, and because, as noted, SPS denied the allegations underlying these claims, thus creating material issues of fact that preclude a judgment solely on the pleadings. There is simply no basis for Forgues' Motion.

For these reasons, SPS respectfully requests that the Court deny Forgues' Motion for Judgment on the Pleadings.

Respectfully submitted,

/s/ David A. Wallace
David A. Wallace (0031356)
Karen M. Cadieux (0079240)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Telephone (614) 365-4100
Facsimile (614) 365-9145
wallace@carpenterlipps.com
cadieux@carpenterlipps.com

Attorneys for Defendant
Defendant Select Portfolio Servicing, Inc.

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically on December 21, 2015. Notice was also sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

A copy was also sent by First Class, U.S. Mail, postage prepaid, to Christine J. Forgues, 15109 Merrimeade Dr., Cleveland, Ohio 44111.

<pre>
                                    /s/ David A. Wallace
                                    One of the Attorneys for
                                    Defendant Select Portfolio Servicing, Inc.
</pre>

642424