IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE J. FORGUES<br><br>        Plaintiff,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>        Defendant, | Case No. 1:15-cv-1670<br><br>Hon. Judge James Gwin |

**PLAINTIFF CHRISTINE J. FORGUES' REPLY
TO DEFENDANT SPS'S OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Unrepresented Plaintiff and consumer Christine J. Forgues respectfully submits this her timely reply to Defendant's Opposition (Doc. No. 24) to Plaintiff's motion for judgment on the pleadings (Doc. No. 17) pursuant to Fed.R.Civ.P. 12(c). Plaintiff was served the Memorandum in Opposition by First Class, U.S. mail, so Rule 6(d) applies. As set forth more fully below, based on Plaintiff's entire verified complaint together with "all well-pleaded material allegations" in Defendant's answer taken as true, judgment in favor of Plaintiff and against Defendant is warranted.

The standard of review governing a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). *Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 279 (6th Cir. 2009) (internal citation omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

In its Opposition (Doc. 24 at 1), Defendant emphasizes the words "of the opposing party" but the standard specifies that only **"well-pleaded material allegations"** of SPS's answer must be taken as true. Plaintiff does not object to SPS making simple denials under the civil rules, but Defendant urges that its mere denials, without more, are taken as true and create material issues of fact. Absolutely not. SPS's denials are not "well-pleaded material allegations." At most, SPS merely alleges that it denies. SPS has not alleged facts that contradict those in the verified complaint.

Defendant, in its answer to the Verified Complaint, admitted:

¶ 22   Initial Notice of Dispute to SPS "speaks for itself"

¶ 23   Plaintiff called SPS

¶ 24   Communication from SPS "speaks for itself"

¶ 25   Denial of modification "speaks for itself"

¶ 32   Monthly Statements "speak for themselves"

¶ 33   Exhibit A "speaks for itself"

¶ 38   SPS called Plaintiff

¶ 43   SPS reported to CRAs

2

¶ 45  Notice of Dispute to SPS "speaks for itself"

¶ 48  Notice of Dispute to SPS "speaks for itself"

¶ 51  SPS response to ¶ 51 letter "speaks for itself"

¶ 55  Notice of Dispute to SPS "speaks for itself"

¶ 56  SPS letter, Exhibit D "speaks for itself"

¶ 90  Initial FCRA Notice of Dispute to SPS "speaks for itself"

Defendant argues that certain claims on which Plaintiff seeks judgment on the pleadings have been dismissed, and that claims premised on Plaintiff's "purported" rescission were barred by res judicata. SPS argues that, [o]bviously, Forgues cannot obtain judgment on the claims that the Court dismissed." Defendant's arguments are without merit. Plaintiff has filed a motion (Doc. No. 26) under Fed.R.Civ.P. 54(b) and 59(e) to amend the Opinion & Order to reverse those dismissals based on multiple errors of law, made by the Court at the suggestion of the Defendant. The operative effect of the Opinion & Order, and Defendant's reliance on it for the dismissal of certain claims, is challenged pending determination of the Rule 54(b)/59(e) motion for purposes of this Rule 12(c) motion for judgment on the pleadings.

> Federal Rule of Civil Procedure 54(b) provides that an order or decision other than a final judgment - such as a motion for partial summary judgment - "may be revisited at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities."[1]

*Garcia v. SAR Food of Ohio, Inc.*, 1:14-CV-01514 (N.D.Ohio 08/11/2015). And, "A timely motion brought under Rule 59 will "destroy[] the finality of judgment." 12-59 Moore's Federal

---

[1] Fed.R.Civ.P. 54(b); see also Rodriguez v. Tennessee Laborers Health & Welfare Fund 89 Fed.Appx. 949, 959 (6th Cir. 2004) (recognizing that the Federal Rules of Civil Procedure do not expressly address motions for reconsideration of interlocutory orders, but nevertheless finding that the district court's power to reconsider such orders is supported by both common law and Rule 54(b)).

[2] See Plaintiff's Opposition at p.5: "The facts are not disputed by SPS's motion based on hearsay arguments that are unavailing and have no probative value, such as exactly how many times SPS called, or that SPS **cannot be liable under 1681s-2(a) for reporting information to credit reporting agencies when it is already liable under §**

3

Practice § 59.12[1] (3d ed. 2012); *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) ("The inherent power to vacate orders prior to entry of final judgment is implicitly recognized in Rule 59"). Plaintiff cannot allow the District Court's narrowing of protection under the FDCPA and FCRA, and the plainly erroneous dismissals of claims she brought under 1692e, 1692f, and 1681s-2(b) to go unchallenged, to the Sixth Circuit. All of Plaintiff's claims remain, contrary to what Defendant suggests in its Opposition (Doc. No. 24) at 3. Additionally, the Court's Order clearly did not dismiss Plaintiff's claim brought under Section 1692e(8) that SPS reported to the credit reporting agencies without an "account," as the term is narrowly defined in 1693a(2). SPS did not have a lawful "account" to report, independent of whether or not the transaction was rescinded. See Complaint ¶¶ 11, 14, 96. SPS's motion to dismiss, and reply, do not mention this.[2] The Order at p.10 specifically addressed 1692e(10) but did not specifically address the "no account or consent" allegation. See Complaint at ¶¶ 11, 14.

    Plaintiff's motion for judgment on the pleadings references the Verified Complaint and SPS's Answer. Defendant has not answered Plaintiff's verified claims with any well-pleaded material allegations as an opposing party to be taken as true. There exists no material issue of fact and Plaintiff is entitled to judgment as a matter of law.

                                                            Respectfully submitted,

                                                              *Christine J. Forgues* 1-6-16
                                                              Christine J. Forgues
                                                               Consumer-Plaintiff.

---

[2] See Plaintiff's Opposition at p.5: "The facts are not disputed by SPS's motion based on hearsay arguments that are unavailing and have no probative value, such as exactly how many times SPS called, or that **SPS cannot be liable under 1681s-2(a) for reporting information to credit reporting agencies when it is already liable under § 1692e(8) as claimed**—which is not even addressed in its motion. How many times in the past year is reasonable under FDCPA for a debt collector masquerading as a creditor to willfully harass and abuse this consumer, or **willfully report on her credit report without a lawful "account"** or the consent of this consumer as averred? None." (Emphasis added.)

## PROOF OF SERVICE

The parties of counsel may access this filing through the Court's ECF system.

*Christine J. Forgues* 1-6-16
Christine J. Forgues