UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
:
CHRISTINE J. FORGUES,            :    Case No. 1:15-CV-1670
:
       Plaintiff,                :
:
vs.                                              :    OPINION & ORDER
                                        :    [Resolving Doc. No. 17]
SELECT PORTFOLIO SERVICING, INC., :
:
       Defendant.                :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Christine Forgues brings this suit against Defendant Select Portfolio Servicing ("SPS") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") relating to the mortgage debt on her residence.[1] This Court has ruled upon Defendant's motion to dismiss, finding that Plaintiff failed to state a claim on most of the purported grounds for relief.[2] Her two surviving claims allege violations of 15 U.S.C. § 1692c, the prohibition on communications with debtors at inconvenient times, and 15 U.S.C. § 1692d, the prohibition on harassing or abusive communications. Forgues alleges that Defendant SPS violated these provisions by repeatedly contacting her about the mortgage debt owed on her primary residence in Cleveland, Ohio.[3]

    Prior to the Court's decision on the motion to dismiss, Plaintiff Forgues moved for judgment on the pleadings. At the time, Plaintiff was prosecuting her case pro se. She is now

---

[1] Doc. 1.
[2] Doc. 21.
[3] For further discussion of the underlying facts, see *id.*

Case No. 1:15-CV-1670
Gwin, J.

represented by counsel.[4]  Defendant SPS opposed Forgues' motion for judgment on the pleadings.[5]

The motion for judgment on the pleadings is now ready to be ruled on. It can be disposed of quickly given the current posture of the case.

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court employs the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).[6]  Thus, "'[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'"[7]  In particular, when a plaintiff moves for judgment on the pleadings, the motion should be granted if, "on the *undenied* facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law."[8]

---

[4] Doc. 29.
[5] Doc. 24.
[6] See *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).
[7] *Id.*
[8] *Lowden v. County of Clare*, 709 F. Supp. 2d 540, 546 (E.D. Mich. 2010) (emphasis added) (quoting *United States v. Blumenthal*, 315 F.2d 351, 352 (3d Cir. 1963)). Plaintiff argues that she is entitled to win as a matter of law because "SPS's answer contains no factual matter" but rather general denials. Doc. 17 at 7. This logic is flawed. On a Plaintiff's motion for judgment on the pleadings, the Court may take denials into account when determining if there are facts in dispute on the face of the pleadings.
  Plaintiff's reliance on *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577 (6th Cir. 2007) is misplaced. It is true that in that case a blanket denial in the defendant's answer was not sufficient to defeat the plaintiff's motion for judgment on the pleadings. However, in that case, the underlying *facts* were not in dispute. Rather, the blanket denial was as to a statement of *law*. Denying a statement of law is ineffective to defeat judgment on the pleadings. This is not the case here. Defendant has properly denied those paragraphs which state the underlying facts of Plaintiff's allegations. Defendant's denials are sufficient to create disputes of fact.

Case No. 1:15-CV-1670
Gwin, J.

As an initial matter, Plaintiff Forgues' motion for judgment on the pleadings does not specifically address her 1692c and 1692d claims that survived the motion to dismiss. She is not entitled to judgment on the pleadings for them.

Even if we assumed that Plaintiff's general referral to FDCPA and FCRA violations[9] invoked the 1692c and 1692d claims, Plaintiff still loses. The facts underlying these claims are in dispute. Defendant SPS denied each of the factual allegations that make up the surviving claims.[10] As a result, Plaintiff cannot show that she is entitled to judgment on the pleadings.

Plaintiff argues that her other claims, previously disposed of in the motion to dismiss, should be resurrected because of "multiple errors of law, made by the Court at the suggestion of Defendant."[11] Plaintiff has raised these arguments in her Motion for Reconsideration.[12] The Court will address Plaintiff's claims when that motion is ripe. For the purposes of the present motion, Plaintiff's other claims have already been dismissed, and Plaintiff's motion for reconsideration is not decided with this ruling on the motion for judgment on the pleadings.

Lastly, Plaintiff alleges that "the Court's Order clearly did not dismiss Plaintiff's claim brought under Section 1692e(8) that SPS reported to the credit reporting agencies without an 'account,' as the term is narrowly defined in 1693a(2)."[13] Plaintiff points to paragraphs 11, 14 and 96 of her complaint in stating that she stated a claim under 1692e(8). None of these paragraphs invoke statutory provision 1692e(8). It is unclear to the Court exactly what claim

---

[9] Doc. 17 at 8 ("Plaintiff has plausibly claimed in her verified complaint that, among other things, she is a consumer (¶2), that the debt at issue is a consumer debt for household purposes (¶15), that the defendant is a 1692a(6) debt collector and not a 1692a(4) creditor (¶4), and that the Defendant has violated the FDCPA and FCRA through acts and omissions (see generally Verified Complaint).").
[10] Doc. 1 at ¶¶ 39-40, 63-66; Doc. 10 at ¶¶ 39-40, 63-66.
[11] Doc. 27 at 3.
[12] *See* Doc. 26.
[13] Doc. 27 at 4.

Case No. 1:15-CV-1670
Gwin, J.

Plaintiff is attempting to allege. The Court encourages Plaintiff's newly-retained counsel to identify what claim this is and ensure that it is non-frivolous and well-pled.

For the time being, even if paragraphs 11, 14, and 96 of the complaint did state a claim, Plaintiff would still lose this motion for judgment on the pleadings. Defendant denies the factual allegations in each of these paragraphs in its answer.[14] For these reasons, factual disputes remain, and Plaintiff is not entitled to judgment on the pleadings.

Accordingly, this Court **DENIES** Plaintiff's motion for judgment on the pleadings.

IT IS SO ORDERED.

Dated: February 10, 2016
                                    *s/        James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[14] Doc. 10 at ¶¶ 11, 14, 96.