UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
:
CHRISTINE J. FORGUES, : Case No. 1:15-CV-1670
:
       Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 26]
SELECT PORTFOLIO SERVICING, INC., :
:
       Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Christine Forgues brings this suit against Defendant Select Portfolio Servicing ("SPS") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") relating to the mortgage debt on her residence.[1]

    On December 8, 2015, this Court found that Plaintiff failed to state a claim on most of the purported grounds for relief.[2] Her three surviving claims allege violations of 15 U.S.C. § 1692c, the prohibition on communications with debtors at inconvenient times, 15 U.S.C. § 1692d, the prohibition on harassing or abusive communications, and 15 U.S.C.§ 1681s-2(b), the requirement for credit information furnishers to conduct a "reasonable investigation."[3]

---

[1] Doc. 1.
[2] Doc. 21.
[3] The Court erred in not stating the third surviving claim in its order and opinion on Plaintiff's motion for judgment on the pleadings. Doc. 36.

Case No. 1:15-CV-1670
Gwin, J.

Plaintiff Forgues moves pro se for the court to reconsider its opinion dismissing Plaintiff's other claims.[4] Defendant opposes.[5] For the following reasons, the Court **DENIES** Plaintiff's motion to reconsider the Court's dismissal.

### I. Legal Standard

Federal Rule of Civil Procedure 54(b) provides that an order or decision other than a final judgment—such as a motion for partial summary judgment—"may be revisited at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities."[6] Generally, courts find justification for reconsidering interlocutory orders when there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."[7] A motion for reconsideration is not available to relitigate already-decided issues, or to present a "legal theory or argument [that] could, with due diligence, have been discovered and offered during the initial consideration of the issue."[8]

### II. Discussion

*Res Judicata*

---

[4] Doc. 26. Plaintiff styles it as a "Motion to Amend." It is properly considered, and the Court refers to it as, a motion for reconsideration.
[5] Doc. 31. Plaintiff retained counsel shortly after filing the motion. Since becoming represented, Plaintiff has not replied in further support of the motion.
[6] Fed. R. Civ. P. 54(b); *see also Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (recognizing that the Federal Rules of Civil Procedure do not expressly address motions for reconsideration of interlocutory orders, but nevertheless finding that the district court's power to reconsider such orders is supported by both common law and Rule 54(b)). Plaintiff also reiterates the standard for a motion to alter or amend a judgment under Rule 59. Doc. 26 at 2. However, Rule 59 refers to final judgments, and is not applicable to the opinion at hand.
[7] *Rodriguez*, 89 F. App'x at 959 (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998))
[8] *McConocha v. Blue Cross & Blue Shield*, 930 F. Supp. 1182, 1184 (N.D.Ohio 1996).

Case No. 1:15-CV-1670
Gwin, J.

Plaintiff Forgues is involved in a state court foreclosure proceeding in which she did not raise rescission of her mortgage as a defense.[9]

Forgues alleges that this Court improperly considered the preclusive effect of the state court foreclosure because the case was not in the "four corners of the complaint."[10] However, this ignores the fact that "[a] court may take judicial notice of other court proceedings without converting the motion into one for summary judgment."[11] The res judicata effects of Plaintiffs' state court foreclosure was properly before the Court when this Court considered the motion to dismiss.

Moreover, Plaintiff has not shown any reason to call the preclusive effect of the foreclosure proceeding into doubt. Plaintiff seems to argue that the Court's decision creates a "loophole" that excuses SPS from facing liability under the FDCPA.[12] This is incorrect. SPS may still face FDCPA liability for the mortgage and foreclosure process.[13] However, that liability cannot be premised on the mortgage having been rescinded under TILA. These claims are barred by res judicata, as explained in the opinion.[14]

---

[9] Doc. 21 at 3, 5-7.
[10] Doc. 26 at 3-5.
[11] *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816-17 (6th Cir. 2010) (concluding that res judicata was properly considered in a motion to dismiss); *see also DeNune v. Consolidated Capital of N. Am., Inc.*, 288 F. Supp. 2d 844, 852 (N.D. Ohio 2003) (same) (gathering citations).
[12] Doc. 26 at 3.
[13] For example, Plaintiff's 15 U.S.C. § 1692c and 15 U.S.C. § 1692d claims remain.
[14] Because the Court concluded that the rescission argument was barred by res judicata, the Court then dismissed Plaintiff's claims that were premised on rescission. Doc. 21 at n.37. Plaintiff disputes the Court's characterization of the claims, saying that the court "violated separation of powers principles" by dismissing the claims. Doc. 26 at 9, 14. Plaintiff alleges that the Court "overr[o]de" Congress's intention in passing the FDCPA by not allowing the claims to go forward. *Id.* Plaintiff misapprehends the nature of res judicata. Res judicata is a principal of finality and fairness. "In our system of jurisprudence the usual rule is that merits of a legal claim once decided in a court of competent jurisdiction are not subject to redetermination in another forum. Such a fundamental departure from traditional rules of preclusion, enacted into federal law, can be justified only if plainly stated by Congress." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 485 (1982). Plaintiff has not identified any such justification for ignoring the touchstone principle of res judicata in the context of the FDCPA or FCRA.

Case No. 1:15-CV-1670
Gwin, J.

*Pleading Standards*

In its December 8, 2015, Opinion, the Court alternatively held that Plaintiff's rescission claims could not survive on the merits because "Plaintiff has not pled the minimum facts necessary to find that the 2010 letter could have acted as a rescission . . . . In particular, Plaintiff has not alleged that any TILA disclosures were missing when the Forgueses closed on the mortgage."[15]

Plaintiff argues that in doing so, the Court improperly "grant[ed] summary judgment in favor of the Defendant" and "misallocated" the burden to Plaintiff to show that the lender had failed to follow all TILA disclosures.[16]

However, Plaintiff's arguments misapprehend the nature of a motion to dismiss as compared to a motion for summary judgment. This Court did not decide a motion for summary judgment, as Plaintiff's briefing states.[17] There was no substantive burden of proof to "misallocate." Rather, the Court was deciding whether, on the face of the pleadings, Plaintiff had stated a claim upon which relief could be granted. In doing this, the Court must look to the complaint, and the complaint did not identify any TILA disclosures were missing. In the absence of this allegation, Plaintiff had only three days, not three years, to rescind her mortgage.[18]

Even if Plaintiff had sent a notice of rescission, the Plaintiff did not do so within three days of closing on the mortgage. Absent the allegation that TILA disclosures were missing, Plaintiff has not successfully stated a claim for rescission.[19] Plaintiff is master of the complaint and, in this instance, failed to state a claim upon which relief could be granted.

---

[15] Doc. 21.
[16] Doc. 26 at 6-10.
[17] *Id.*
[18] Doc. 21 at 2, 7.
[19] By contrast, consider *Paatalo v. JPMorgan Chase Bank*, 6:15-cv-1420, 2015 WL 7015317, n.3 (D. Or. Nov. 12, 2015), a case which Plaintiff cites elsewhere in her briefing. In *Paatalo*, the court makes

Case No. 1:15-CV-1670
Gwin, J.

*Change in Law*

Plaintiff argues that the Court stated the wrong standard for whether changes in law eliminate the preclusive effect of the prior foreclosure action. Plaintiff is incorrect. She confuses two separate issues: first, whether *Jesinoski* is applied retroactively to attempts to rescind a mortgage prior to the Supreme Court's 2015 decision (yes, it is[20]); and second, whether Plaintiff can still raise a rescission defense despite her failure to do so in the foreclosure litigation (no, she cannot[21]).

*15 U.S.C. § 1692e(10)*

Under 15 U.S.C. 1692e(10), a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Plaintiff argued that SPS violated this section by communicating that Plaintiff may be eligible for a "loan modification" and then suggesting "deed in lieu of foreclosure" instead. The Court dismissed this count.[22] Plaintiff argues that improperly dismissed portions of her claims because the Court relied on facts outside the pleadings to draw inferences as to whether Deutsche Bank was indeed a creditor.[23] Plaintiff is incorrect. On a motion to dismiss a Court must determine

---

a point of noting that Plaintiff specifically alleged the TILA violations that gave him a conditional right to rescind for three years. *Id.* at *5, n.3

[20] *See, e.g., Paatalo*, 2015 WL 7015317 at *5 (citing *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 313 n.12 (1994)).
[21] Doc. 21 at 6-7.
[22] *Id.* at 10-11.
[23] Doc. 26 at 11.

-5-

Case No. 1:15-CV-1670
Gwin, J.

whether the complaint states cognizable claims as a matter of law.  Plaintiff did not show that suggesting a "deed in lieu of foreclosure" was a cognizable violation of 15 U.S.C. 1692e(10), regardless of Deutsche Bank's characterization under the FDCPA.  The claim was properly dismissed.

*Definition of Debt Collectors*

With her motion for reconsideration, Plaintiff also argues that this Court misapplied Sixth Circuit law by failing to note that "creditors and mortgage servicers are debt collectors if the creditor or servicer acquired the debt when it was in default."[24]

In fact, the Court wrote in its opinion that, "The FDCPA covers certain third-party debt collectors, as opposed to creditors who originated the debt.  A mortgage servicer is a debt collector under the FDCPA if the debt was in default at the time the servicing rights were assigned. SPS has not disputed that it is a debt collector under the FDCPA."[25]

The Court did not apply this standard in error.[26]  Plaintiff has shown no cause for reconsideration.

*15 U.S.C. § 1692g*

Finally, Plaintiff contends that this Court erred in concluding that her disputes of her mortgage debt were untimely.  Disputes of debt must be filed within 30 days of the initial

---

[24] Doc. 26 at 10-11.
[25] Doc. 21 at 8-9.
[26] Plaintiff additionally complains that the Court misapplied the standard to Deutsche Bank.  The question of Deutsche Bank's status was not before the Court in the Motion to Dismiss.

Case No. 1:15-CV-1670
Gwin, J.

communication with a consumer.[27]  These initial communications, or disclosures sent within five days of the initial communications, must state that the debtor has 30 days to dispute the debt.[28]

Plaintiff argues that the Court's conclusion was improper because Defendant has not provided documents that show that these initial communications contained notice of the 30-day requirement.[29]  Plaintiff has never before alleged that that the initial communications from SPS failed to give notice of the 30-day requirement.  Instead, she states that her initial communication with SPS was in 2013, and that she did not dispute the debt until 2015.[30]  Plaintiff has not shown that the 30 day window can be tolled for this length of time.  Plaintiff's complaint is insufficient to support a claim that she timely sent the disputes within the 30-day window.  Plaintiff has not shown either new evidence or a need to correct a clear error that warrants reconsideration of the Court's conclusion.

### III.   Conclusion

Accordingly, this Court **DENIES** Plaintiff's motion for reconsideration.  The Court certifies that there is no good faith ground to appeal this order.

IT IS SO ORDERED.

Dated:  March 25, 2016                                        *s/        James S. Gwin*
                                                                                JAMES S. GWIN
                                                                                UNITED STATES DISTRICT JUDGE

---

[27] 15 U.S.C. § 1692g.
[28] *Id.*
[29] Doc. 26 at 12-13.
[30] Doc. 21 at 11