UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE J. FORGUES, | ) | CASE NO. 1:15-CV-1670 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE MCHARGH |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S MOTION TO STRIKE PORTIONS OF THE DECLARATION OF CHRISTINE J. FORGUES AND TO STRIKE UNAUTHENTICATED DOCUMENTS

Pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure, Defendant Select Portfolio Servicing, Inc. respectfully moves this Court to strike the portions of Christine J. Forgues' declaration that contradict her deposition testimony and that contain inadmissible hearsay and the unauthenticated documents she submitted in her Notice of Filing Exhibits. The reasons for this motion are set forth in the accompanying Memorandum.

Respectfully submitted,

/s/ David A. Wallace
David A. Wallace (0031356)
Karen M. Cadieux (0079240)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Telephone (614) 365-4100
Facsimile (614) 365-9145
wallace@carpenterlipps.com
cadieux@carpenterlipps.com
*Attorneys for Defendant*
Defendant Select Portfolio Servicing, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE J. FORGUES, | ) | CASE NO. 1:15-CV-1670 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE MCHARGH |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S
MOTION TO STRIKE PORTIONS OF THE
DECLARATION OF CHRISTINE J. FORGUES**

Plaintiff Christine J. Forgues ("Ms. Forgues") has submitted a declaration with her opposition to the summary judgment motion filed by Select Portfolio Servicing, Inc. ("SPS") that directly contradicts her deposition testimony and contains inadmissible hearsay. The Court should strike these portions of Ms. Forgues' declaration. Ms. Forgues has also submitted unauthenticated documents that are not part of the record in this case. These documents should also be stricken.

**I.    BACKGROUND**

Ms. Forgues was deposed in this action on March 7, 2016. Ms. Forgues was specifically asked when she made requests to SPS not to call her during her morning conference call. See Deposition of Christine J. Forgues ("Forgues Depo.") at 80 (excerpts attached as Exhibit A). In response, Ms. Forgues stated she made the request in 2014. Id. However, she could not be more specific than the year. Id. She has no record of making any request. Id. In addition, Ms. Forgues testified she did not know to whom she spoke or even whether she made the request to a

man or women.  Id.   She also could not say whether her request was before or after she submitted her loan modification application in October of 2014.  Id. at 81.  The only information she was able to provide was her statement: "I explained that I had a morning conference call every day and I asked them to please mark my file to not make any phone calls prior to the completion of that call."  Id.

In direct contradiction to her deposition testimony, Ms. Forgues submitted a declaration supporting her opposition to SPS's motion for summary judgment listing four specific dates she claims she advised SPS not to call during her morning conference call.  She now provides specific information about when the calls occurred, what she was doing prior to the calls, what transpired during the calls, and what she told SPS during these calls.  Forgues' declaration states:

> 5. I specifically recall, on 11-13-2013, at 8:24 a.m. Eastern Time, when SPS called me during my morning conference telling SPS that I could not take its call so as to make me late for my 8:30 a.m. conference call and instructing SPS to call after 9:30 a.m. when the conference call ended.
>
> 6. I distinctly recall three instances in 2014 in which SPS called my cellphone before 9:30 a.m. after I instructed SPS to call after 9:30 a.m. because of the conference call.
>
> 7. The first instance that SPS ignored my specific instruction not to call between 8:30 a.m. and 9:30 a.m. was on 8-30-2014. I was in conference on my cellphone when SPS called me at 8:53 a.m., interrupting my conference with clicking that I knew from experience would just continue until it caused me to lose my Bluetooth connection unless I left the conference to take SPS's call. This call made me angry. I grabbed my cellphone, answered quickly, and told the SPS rep that I was unable to talk because, I explained, I have a conference call every morning from 8:30 to 9:30 and, in this instance, clearly and deliberately instructed SPS not to call between 8 a.m. and 10 a.m.
>
> 8. The second instance I specifically recall SPS calling during the specific time I instructed SPS not to call, was on 10-27-2014, at 8:19 a.m. while I was on a call. I excused myself from my call and I called SPS back at 8:29 a.m. believing it was important. I explained to the SPS rep that I just received a call. I asked what

2

> they called for and was told "we don't need anything at this time," just "reviewing documents." I instructed them not to call in the morning hours.
>
> 9.     The third instance I specifically recall SPS calling during the specific time I instructed SPS not to call, notwithstanding the aforementioned instructions, on 11-14-2014, at 8:34 a.m., SPS again called me to ask for paystubs during the time I instructed SPS not to call.
>
> 10.    SPS called my cell phone again on 2-10-2015 at around 9:00 a.m. I called SPS back and asked SPS to mark my file because I have a morning conference call at work every day from 8:30 to 9:30 and that's always when SPS seems to call me. The SPS rep said the calls can't be limited to specific times, which I thought was ridiculous because that's SPS's problem, not mine.

Declaration of Christine Forgues (Doc. No. 49-1) ("Forgues Decl."), ¶¶ 5-10.

The only explanation provided for why Ms. Forgues was now able to provide specific information about four calls that she could not provide at her deposition is that the contact history SPS produced refreshed her memory.  See Forgues Decl., ¶ 3.  However, the contact history was produced to Ms. Forgues on February 12, 2016, nearly a month before her deposition. See Feb. 12, 2016 Email (attached as Exhibit B).

Ms. Forgues' declaration also contains hearsay statements supposedly made by others.  In paragraph 16 of the declaration, Ms. Forgues refers to two reports she received from Experian. Ms. Forgues does not attach the documents to which she refers to her declaration and they are not otherwise authenticated or in the record of this case.  The statements quoted by Ms. Forgues in her declaration are statements made by Experian, not SPS or Ms. Forgues and thus are hearsay.

Finally, Ms. Forgues filed a notice of Notice of Filing Exhibits to her Opposition to SPS's Motion for Summary Judgment on April 1, 2016 (four days after her opposition was due).  See Notice of Filing Exhibits to Plaintiff Christine J. Forgues' Response in Opposition to Defendant

3

Select Portfolio Servicing, Inc.'s Motion for Summary Judgment (Doc. No. 50) ("Notice of Filing Exhibits").  With the exception of a duplicative copy of her declaration and a copy of her Complaint, none of the exhibits are authenticated in any way or otherwise part of the record in this case.

**II.    DISCUSSION AND LAW**

    **A.    Forgues Cannot Contradict Her Deposition Testimony To Oppose Summary Judgment.**

The Sixth Circuit has consistently held that "a party cannot create a disputed issue of material fact by filing an affidavit that contradicts the party's earlier deposition testimony." Aerel, S.R.L. v. PCC Airfoils, L.L.C., 448 F.3d 899, 906 (6th Cir. 2006); see also Penny v. United Parcel Serv., 128 F.3d 408, 415 (6th Cir. 1997) ("a party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially contradicts his earlier deposition testimony"); Garcia v. Sar Food of Ohio, Inc., No. 1:14-CV-01514, 2015 WL 4080060, at *3 (N.D. Ohio July 6, 2015) (Gwin, J.) (courts "do not consider declarations submitted in opposition to summary judgment if the declarations directly contradict a declarant's prior sworn statement. . .").

Ms. Forgues' declaration contradicts her deposition testimony.  Ms. Forgues testified she could not state when she requested SPS not to call her during her morning conference call, who she spoke with, the person's gender or and what she said.   Ms. Forgues was unable to provide any specific information about any request.  See Forgues Depo. at 80-81.   However, Ms. Forgues' recently submitted declaration in opposition to SPS's summary judgment motion lists four specific dates on which she claims she advised SPS not to call, and recites specific details about each call.  See Forgues Decl., ¶¶ 5-10.  Ms. Forgues' declaration directly contradicts to her

4

sworn deposition testimony. The Court should strike paragraphs five through ten of the declaration on well-established Sixth Circuit case law.

Apparently recognizing that her contradictory declaration is improper, Ms. Forgues attempts to explain her contradictory statements by claiming her review of SPS's contact history "refreshed" her memory. Id. ¶ 3. Reviewing information that refreshes the declarant's memory is not sufficient justification for contradictory statements in a declaration to be admissible where the evidence claimed to refresh the party's recollection was available to the declarant prior the deposition. See McClain v. Mason Cty., 618 F. App'x 262, 267 (6th Cir. 2015). SPS provided the contact history to Ms. Forgues on February 12, 2016, nearly a month before her deposition. See Feb. 12, 2016 Email. Thus, Ms. Forgues had the contact history long before her deposition testimony where she stated under oath that she could not recall any specifics about the calls she had with SPS. The contact history is not new evidence that can justify her contradictory declaration. Therefore, the Court should strike paragraphs five through ten of Ms. Forgues affidavit and not consider these statements when ruling on SPS's summary judgment motion.

**B.    Ms. Forgues' Declaration Contains Inadmissible Hearsay.**

The Sixth Circuit has held:

> Rule 56(e) requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies of all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

Wiley v. United States, 20 F.3d 222, 225-26 (6th Cir. 1994) (emphasis added); see also Popson v. Danbury Local Sch. Dist., No. 304CV7056, 2005 WL 1126732, at *10 (N.D. Ohio Apr. 28,

5

2005) (Gwin, J.) (citing Wiley, supra) ("It is well settled that "hearsay evidence cannot be considered on a motion for summary judgment").

Ms. Forgues attempts to create a fact dispute as to whether SPS received the May 2015 Experian dispute.  Ms. Forgues refers to a document she describes as Experian's online Investigation Summary, and cites information purportedly from page 6 of what she refers to as Experian's June 1, 2015 Report Number 3484-2201-83.  See Forgues Decl., ¶ 16.  The Experian documents are not attached to the declaration and are not authenticated in any way and the information contained in them is hearsay and not within Ms. Forgues' personal knowledge.

Paragraph sixteen of Ms. Forgues' declaration related to the May 29, 2015 Experian dispute does not meet the requirements of Wiley.  First, Ms. Forgues has no personal knowledge as to whether Experian submitted her May 29, 2015 dispute to SPS nor could she.  All Ms. Forgues knows personally is whether she made a dispute to Experian.  Second, Ms. Forgues did not attach the Experian document to her declaration and they are not authenticate nor are they in the record in this case.

Finally, any statements in the Experian documents are hearsay.  Hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c). Hearsay is not admissible unless provided otherwise by a federal statute, the Federal Rule of Evidence or other rule prescribed by the Supreme Court.  Fed. R. Evid. 802. The statements in paragraph sixteen of Ms. Forgues' declaration are alleged statements made by Experian, the declarant, to Ms. Forgues and are being offered as purported proof that Experian did submit Ms. Forgues' May 29, 2015 dispute to SPS.  See Forgues Decl. ¶ 16.  Experian's

6

statements do not fall within any exception of the hearsay rule.  Therefore, the Court should strike paragraph sixteen of Ms. Forgues' declaration because it is inadmissible hearsay.

      **C.**      **The Documents Attached To The Notice of Filing Exhibits Are Improper.**

Ms. Forgues filed a Notice of Filing Exhibits to Plaintiff Christine J. Forgues' Response in Opposition to Defendant Select Portfolio Servicing, Inc.'s Motion for Summary Judgment on April 1, 2016 (four days after the opposition was due). It contains a second copy of Ms. Forgues' declaration, a copy of her Complaint and nine other documents with handwritten exhibits letters on them.  See Notice of Filing Exhibits.

Under Rule 56(c):

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56.

The documents listed as Exhibit 2-6 and 8-11 are not part of the record.  See Notice of Filing Exhibits.  These documents, which contain handwritten exhibit letters, have not been authenticated in any way nor have they been certified as business or other records that would be admissible for summary judgment purposes.  Therefore, Exhibit 2-6 and 8-11 cannot be considered for purposes of summary judgment and should be striken.

**III.**      **CONCLUSION.**

For the foregoing reasons, the Court should strike the paragraphs of Ms. Forgues' declaration that contradict her sworn deposition testimony and that contain inadmissible hearsay

7

and should strike Exhibit 2-6 and 8-11 listed in the Notice of Filing because they are not authenticated or otherwise part of the record of this case.

                Respectfully submitted,

                /s/ David A. Wallace
                David A. Wallace (0031356)
                Karen M. Cadieux (0079240)
                CARPENTER LIPPS & LELAND LLP
                280 Plaza, Suite 1300
                280 North High Street
                Columbus, Ohio  43215
                Telephone (614) 365-4100
                Facsimile (614) 365-9145
                wallace@carpenterlipps.com
                cadieux@carpenterlipps.com

                Attorneys for Defendant
                Defendant Select Portfolio Servicing, Inc.

## **PAGE LIMIT CERTIFICATION**

      This case has been assigned to the Standard Track and this memorandum complies with the page limitations set forth in Local Rule 7.1(f) for unassigned cases.

                /s/David A. Wallace
                One of the Attorneys for Defendant
                Defendant Select Portfolio Servicing, Inc.

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was filed electronically on April 4, 2016. Notice was also sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

                                         /s/ David A. Wallace
                                         One of the Attorneys for
                                         Defendant Select Portfolio Servicing, Inc.

656337