UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
:
CHRISTINE J. FORGUES,            :       Case No. 1:15-CV-1670
:
Plaintiff,            :
:
vs.                              :       OPINION & ORDER
:       [Resolving Doc. No. 47]
SELECT PORTFOLIO SERVICING, INC., :
:
Defendant.            :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Christine Forgues sues Defendant Select Portfolio Servicing ("SPS") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") relating to the mortgage debt on her residence.[1]  After Defendant moved to dismiss the case, on December 8, 2015, this Court issued an opinion finding that Plaintiff failed to state a claim on most of the purported grounds for relief.[2]  As relevant here, the Court dismissed Plaintiff's claim brought under Section 1692e(8) of the FDCPA because it was based on a preliminary rescission of the loan.  The Court found that the claims premised on rescission were barred by res judicata, as Plaintiff had failed to raise the defense in her state foreclosure action.[3]

Three of Plaintiff's claims survived.  Plaintiff moved for judgment on the pleadings, which the Court denied.[4]  In Plaintiff's briefing, which was submitted *pro se*, she stated the Court's order in the motion to dismiss "clearly did not dismiss Plaintiff's claim brought under

---

[1] Doc. 1.
[2] Doc. 21.
[3] *Id.* at 7, n.37.
[4] Doc. 36.

Case No. 1:15-CV-1670
Gwin, J.

Section 1692e(8)."[5]  Plaintiff went on to say that the Section 1692e(8) claim was based on the allegation that "SPS reported to the credit reporting agencies without an 'account,' as the term is narrowly defined in 1693a(2).  SPS did not have a lawful 'account' to report, independent of whether or not the transaction was rescinded."[6]  Plaintiff then cited to paragraphs 11, 14, and 96 of her complaint.[7]  In the Court's opinion denying Plaintiff's motion for judgment on the pleadings, the Court pointed out that these paragraphs did not invoke Section 1692e(8), nor did they appear to otherwise state a claim under that statutory provision.  The Court encouraged Plaintiff's newly-retained counsel to identify the claim and "ensure that it is non-frivolous and well-pled."[8]

Plaintiff, through counsel, submits a motion to amend the Court's earlier opinions, arguing that Plaintiff had indeed stated a separate claim under Section 1692e(8).[9]  Defendant opposes.[10]  The Court finds that Plaintiff has fallen far short of showing that there is a viable claim under Section 1692e(8).  As a result, there is no error for the Court to correct in its earlier opinions.  The Court **DENIES** Plaintiff's motion to amend.

I.   **Legal Standard**

Federal Rule of Civil Procedure 54(b) provides that an order or decision other than a final judgment—such as a motion for partial summary judgment—"may be revisited at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities."[11]

---

[5] Doc. 27 at 4.
[6] *Id.*
[7] *Id.*
[8] Doc. 36 at 4.
[9] Doc. 47.
[10] Doc. 54.
[11] Fed. R. Civ. P. 54(b); *see also* Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004) (recognizing that the Federal Rules of Civil Procedure do not expressly

-2-

Case No. 1:15-CV-1670
Gwin, J.

Generally, courts find justification for reconsidering interlocutory orders when there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."[12] A motion for reconsideration is not available to relitigate already-decided issues, or to present a "legal theory or argument [that] could, with due diligence, have been discovered and offered during the initial consideration of the issue."[13]

## II. Discussion

15 U.S.C. § 1692e(8) states that

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

In her brief in support of this motion, Plaintiff explains her claim under Section 1692e(8) as follows:

> Plaintiff['s] claims under Section 1692e(8) is that SPS communicated information about a debt to three persons, credit reporting agencies, as credit information purported to be of an 'account' . . . known or which should be known to be false . . . . Defendant SPS's representation of the character and legal status of the debt as an 'account' is false and is not apparent on the face of the information itself. . . . SPS has yet to prove or provide any evidence that it holds its 'account' as narrowly defined in the FCRA.[14]

---

address motions for reconsideration of interlocutory orders, but nevertheless finding that the district court's power to reconsider such orders is supported by both common law and Rule 54(b)).

[12] *Rodriguez*, 89 F. App'x at 959 (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

[13] *McConocha v. Blue Cross & Blue Shield*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).

[14] Doc. 47 at 3-5 (internal citations omitted).

-3-

Case No. 1:15-CV-1670
Gwin, J.

Plaintiff goes on to point out that "account" is defined narrowly under the Fair Credit Reporting Act. Plaintiff is correct that the FCRA includes a definition under which "account" generally refers to a demand deposit or a savings deposit.[15] This definition could be read to exclude credit cards or mortgage loans. However, Plaintiff nowhere demonstrates that the definition of "account" is the limiting term for what can be reported on a credit report. Indeed, there is no such limitation.[16] Nor has Plaintiff demonstrated that disclosing information related to a mortgage, rather than an "account," could be considered a violation of 1692e(8).[17] Again, Plaintiff offers no basis for this interpretation.

Plaintiff's arguments appear to arise from a profound point of misunderstanding: that the use of the word "accounts" on Plaintiff's own credit reports and in communications between

---

[15] The definition is somewhat more complicated, but the nuances are not relevant in the case at hand. The FCRA takes its definition from the Electronic Fund Transfer Act. 15 U.S.C. 1681a(r)(4). That definition states that account "means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(i) of this title), as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement." 15 U.S.C. § 1693a(2).

[16] The basic structure of the FCRA undermines Plaintiff's position. 15 U.S.C. § 1681a(d) broadly defines a credit report as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . credit." A later provision, 15 U.S.C. § 1681c, outlines the information that can be contained in consumer in reports. However, the definition is open-ended, merely excluding particular types of old or otherwise untrustworthy information. There is no affirmative requirement that credit reports only include "accounts" as defined in the statute. Indeed, such a restriction would be nonsensical, as it would exclude standard lines of credit from credit reports.

[17] Plaintiff raises ancillary arguments that can be disposed of briefly. Plaintiff says that "[w]hen Defendant SPS reports an 'account' in Plaintiff's credit report, SPS is falsely representing that Deutsche Bank is Plaintiff's creditor. SPS cannot use the account number of the alleged original credit, Chase, because the account is closed with a zero balance." Doc. 47 at 4. Plaintiff's argument belies gaps in her understanding of the FDCPA and FCRA. SPS's furnishing of mortgage information to the credit reporting agencies does not speak to Deutsche Bank's status as a debt collector or creditor under the FDCPA. Moreover, it is not clear that Deutsche Bank's status is even at issue in this case. SPS has not disputed that it is a debt collector under the FDCPA. Doc. 21 at 8-9. Moreover, the zero balance on the Chase loan is not relevant. The Court agrees with Defendant's rejoinder that the zero balance merely demonstrates that the loan was transferred or sold, not satisfied. Doc. 54 at 5.

-4-

Case No. 1:15-CV-1670
Gwin, J.

Plaintiff and Defendants invokes the statutory definition. For example, Plaintiff cites to a copy of her credit report, which states "[h]ere you will find specific information on each account you opened, including current status and any past due information."[18] Plaintiff disputes this characterization, saying that "there is no evidence of an 'account' relationship between Plaintiff and either Deutsche Bank or SPS."[19] Plaintiff also points to Equifax's use of the word "account" in its letters responding to the disputed mortgage debt.[20]

However, use of the word "account" in other documents outside of the statute is not "inherently 'deceptive or misleading.'"[21] The term is defined for use in the statute alone.[22] The mere happenstance of the same term being used on the credit report does not implicate a statutory definition, let alone give rise to liability. Defendant is correct that any argument to the contrary is "specious" at best.[23]

Finally, Plaintiff argues that her "account" arguments "dovetail" with the Section 1681s-2(b) arguments, under which a furnisher is required to conduct a reasonable investigation when alerted to disputes. Plaintiff says that SPS has not demonstrated that it conducted a reasonable investigation as to whether the disputed items qualified as an "account."[24] Defendant is correct that this is an argument better saved for summary judgment, where the 1681s-2(b)

---

[18] Doc. 47 at 8-9 (citing Doc. 1-3 at 3).
[19] Doc. 47 at 9.
[20] *Id.* at 8 (citing to exhibits); Doc. 47-2.
[21] Doc. 47 at 5.
[22] To the extent Plaintiff relies on use of the word "account" within the FCRA, her argument still fails. Plaintiff appears to refer to 15 U.S.C. § 1681b, which describes the "permissible purposes of consumer reports." Doc. 47 at 5. (Plaintiff uses the term "permissible purpose," but does not provide the exact citation). Under this Section, an entity may use a credit report to "review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(F). Plaintiff may be arguing that Defendant must have a deposit or savings account to permissibly use Plaintiff's credit report. This is false. This argument "has been universally rejected by every court that has directly addressed it." *Harris v. NCO Fin. Sys.*, No. 13-0259, 2013 WL 6858852, at *3 (D. Md. Dec. 23, 2013) (gathering citations).
[23] Doc. 54 at 3.
[24] Doc. 47 at 10.

Case No. 1:15-CV-1670
Gwin, J.

arguments are briefed. But the argument is also wrong. Plaintiff has not shown any reason why Section 1681s-2(b) requires that a furnisher investigate whether the credit information is an "account" as defined in the FCRA. Indeed, the word "account" does not appear in the statute.

Plaintiff has not made out a claim, and certainly has not shown an error or law that should be the basis to alter or amend this Court's December 8, 2015 order. Accordingly, this Court **DENIES** Plaintiff's motion to amend.

      IT IS SO ORDERED.


Dated: April 15, 2016            *s/      James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE